

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-14-2008

# Fisher v. Stafford Twp Bd Ed

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1891

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Fisher v. Stafford Twp Bd Ed" (2008). *2008 Decisions.* Paper 656.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/656

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-1891

———————

NANCIE FISHER, a/k/a NANCIE CHATSKO, on behalf of T.C.,

Appellant,

v.

STAFFORD TOWNSHIP BOARD OF EDUCATION,

Appellee.

———————

On Appeal from the United States District Court
for the District of New Jersey
Honorable Freda Wolfson
(Civ. A. No. 05-cv-2020)

_____

Submitted Pursuant to L.A.R. 34.1(a)
on July 22, 2008

———————

Before: MCKEE, FUENTES and JORDAN, Circuit Judges.

(Opinion Filed:  August 14, 2008)
_____

OPINION

———————

FUENTES, Circuit Judge.

Appellant Nancie Fisher ("Fisher") seeks reimbursement from appellee Stafford

1

Township Board of Education (the "Board") for certain payments she made in connection with the education of her disabled son, T.C., by the Board. Fisher contends that the District Court erred in denying her claim for reimbursement because she is entitled to such monies pursuant to the Individuals with Disabilities Education Act ("IDEA") under either one of two theories: (1) a theory that the Board failed to properly implement T.C.'s Individual Education Program ("IEP") and/or (2) the unilateral placement theory. For the reasons below, we find that the District Court did not err, as Fisher is not entitled to reimbursement under either theory.

## I.

In the summer of 2001, T.C., a child diagnosed with both Pervasive Developmental Disorder and autism, moved to the Stafford Township School District, a public school district in New Jersey. For the 2001-2002 school year, T.C.'s IEP called for T.C. to receive, inter alia, a personal aide for the full school day. The IEPs for 2002-2003 and 2003-2004 also provided that T.C. have an in-school aide, as well as 10 hours of at-home tutoring per week at the Board's expense. The aides were required to have received specialized training from the LOVAAS Training Institute of UCLA ("LOVAAS").

At the beginning of the 2001 school year, the Board was unable to find a LOVAAS-trained personal aide for T.C., and so Fisher decided to keep T.C. out of school until a proper aide was found. She eventually found a qualified person, Joseph Hagan, who worked with T.C. at home for several months at Fisher's expense, until Fisher

2

convinced the Board to hire Hagan as Fisher's personal in-school aide in December 2001.

In August of 2002, Hagan resigned and was replaced by two new aides: Melissa Rogers, who worked on Monday, Wednesday and Friday, and who also provided T.C. with at-home tutoring, and Joanne Butterick, who worked on Tuesday and Thursday. Butterick resigned after two weeks, and so Fisher decided to keep T.C. out of school on Tuesdays and Thursdays until a new LOVAAS-trained aide could be found. For her part, Rogers informed Fisher that she believed she should be paid a higher salary than was provided by the Board in its collective bargaining agreement. Fisher agreed to supplement Rogers' salary for the services she provided both in school and at home.

As of October 2002, the Board had not been able to replace Butterick. Fisher made the unilateral decision to take T.C. out of school, and instructed Rogers to report to Fisher's home (at Fisher's expense) on Mondays, Wednesdays and Fridays in order to train yet another aide, Julie Mauro. Fisher soon succeeded in having Mauro hired by the Board as T.C.'s in-school aide. Mauro also expressed concern with the salary paid by the Board; Fisher's request that Mauro be paid a higher starting salary was denied, and so Fisher agreed to supplement Mauro's salary. Mauro worked as T.C.'s in-school aide until March 2004, when she resigned and was replaced by Jennifer Aljoe.

Fisher filed a Complaint with the Department of Education in February 2004, alleging that the Board had violated the IDEA and seeking reimbursement of the money she had spent above and beyond the Board's salary for Rogers and Mauro, as well as for

3

those periods of time when the Board did not provide a LOVAAS-trained aide and Fisher was required to provide one at her own expense.[1]  Fisher claimed that the Board had violated the IDEA because it failed to provide T.C. with the services required by his IEP, as T.C. had gone for periods of time either without any aide at all, or without a properly qualified aide.  The Board responded that it was not aware of Fisher's concerns, had seen no evidence to demonstrate how much money Fisher had spent to supplement T.C.'s education, and did not believe such supplementation was necessary.

The case was referred to an ALJ, who ultimately determined that the Board had not violated the IDEA because it had no reason to believe that it was not providing for all of the services required by the IEP.  He further found that the Board contracted with T.C.'s aides and paid their salaries; that none of the aides complained to the Board about those salaries; that the aides did not threaten to resign based on the compensation they received; and that the aides did not in fact resign due to their salaries.  The ALJ also noted that Fisher did not provide written notice to the Board that she was supplementing the aides' salaries until December 13, 2003, when she noted in T.C.'s 2003-2004 IEP that she was "paying $1200.00 a month for his therapist to attend school with him" [App. 12]; and that even after Fisher made this claim, she did not provide the Board with documentation of those expenditures.  For these reasons, the ALJ found that Fisher had failed to comply

---

[1] Recognizing a two-year statute of limitations on her claims, Fisher sought reimbursement of educational expenses only for those one-on-one aide services provided to T.C. after February 13, 2002.

with the regulations governing reimbursement (specifically, the notice requirement), and that the Board had offered T.C. a free appropriate public education ("FAPE") in accordance with the IDEA.

Fisher then appealed to the District Court, which affirmed the ALJ's decision. The District Court noted that the ALJ had evaluated the case as if it was a unilateral placement case. While it agreed that Fisher was not entitled to reimbursement under such a theory, it suggested that the case was more "akin to those cases in which it is alleged that a district has failed to fully implement an IEP." Fisher v. Stafford Tp. Bd. of Educ., No. 05-cv-2020, 2007 WL 674304 at *10 (D.N.J. February 28, 2007). The District Court proceeded to conclude that any failure by the Board to provide LOVAAS-trained aides on "unspecified days when T.C.'s aide was unavailable or did not report to work does not constitute a denial of FAPE" because "these sporadic unexplained absences were, at most, *de minimis* failures to fully implement TC's IEP." Id. at *12. Other than these "*de minimis* failures,*" the District Court found no evidence that the Board failed to implement T.C.'s IEPs. It also found no evidence in the record to support Fisher's allegation that LOVAAS-trained aides – either the aides hired by the Board or replacement aides, had any of T.C.'s aides quit for financial reasons – would have been unavailable had she not provided supplemental payments.

## II.

We exercise plenary review of the District Court's legal conclusions, as the

District Court ruled at summary judgment. Shore Regional High School Bd. of Educ. v. P.S. on behalf of P.S., 381 F.3d 194, 199 (3d Cir. 2004). Both this Court and the District Court must employ a "modified" de novo standard in reviewing the ALJ's decision, giving due weight to the ALJ's decision and considering the ALJ's factual findings to be prima facie correct. Andrew M. v. Delaware County Office of Mental Health and Mental Retardation, 490 F.3d 337, 344 (3d Cir. 2007).

### III.

On appeal, Fisher argues that she is entitled to reimbursement for the payments she made to T.C.'s aides on the two alternate theories considered by the District Court: (1) the theory that the Board failed to properly implement T.C.'s IEPs, and (2) the unilateral placement theory, as she contends that the Board did not provide T.C. with FAPE. We address each in turn.

### 1.

Fisher contends that she is entitled to reimbursement because the Board failed to properly implement T.C.'s IEP. A district has an obligation to implement a child's IEP under both federal and state law. 20 U.S.C. § 1412(a)(4). A party seeking to challenge the "implementation of an IEP must show more than a de minimis failure to implement all elements of that IEP, and, instead, must demonstrate that the school board or other authorities failed to implement substantial or significant provisions of the IEP." Houston Indep. Sch. Dist. v. Bobby R., 200 F.3d 341, 349 (5th Cir. 2000).

6

Here, Fisher contends that the record demonstrates that T.C. was without a qualified aide for five weeks in October of 2002. She also reiterates her argument that the aides hired by the Board would not have remained but for Fisher's additional payments, and that the Board would not have been able to find qualified replacements if those aides had resigned. Fisher contends that these constitute failures on the part of the Board to properly implement T.C.'s IEPs, and that such failures were not de minimis.

Fisher's statement that T.C. was without an appropriate aide for a full five weeks is misleading. While it is true that Butterick, who had been scheduled to serve as T.C.'s in-school aide on Tuesdays and Thursdays, resigned and was not replaced for five weeks, it is also clear that Rogers, who had been hired to serve as T.C.'s in-school aide on Mondays, Wednesdays and Fridays, was still employed by the Board and available for work on those days. Dissatisfied with the situation, Fisher made a unilateral decision to pull T.C. from school for the entire five-week period, despite the fact that there was a Board-provided, LOVAAS-trained aide available to T.C. in school three days a week. There is no evidence that the Board was aware that Butterick was going to resign and could have begun its search for a replacement earlier. Moreover, it does not seem unreasonable that it might take a few weeks to find a suitable replacement. For these reasons, we do not believe that the District Court erred when it held that the Board's inability to provide T.C. with a LOVAAS-trained aide for a total of ten days in September and October of 2002 was a de minimis occurrence.

We also agree with the District Court that Fisher's argument that the aides hired by the Board for T.C. would not have remained but for Fisher's supplemental payments is pure speculation, as is the contention that the Board would not have been able to find appropriate replacements for those aides if they had resigned. While it is clear that Fisher played an active role in recruiting aides for T.C., there is simply no evidence that the Board would have been unable to comply with the IEPs and provide similarly suitable aides without Fisher's assistance.

Given that Fisher has not demonstrated that the Board failed to properly implement T.C.'s IEPs, it is clear that she is not entitled to reimbursement under this theory.

**2.**

Fisher's alternate argument is that she is entitled to reimbursement on a unilateral placement theory. The District Court noted that in a typical reimbursement case, a parent who has withdrawn his or her child from public school and unilaterally placed him or her in private school while challenging the child's IEP seeks reimbursement for the private school tuition. Here, however, Fisher seeks reimbursement for her unilateral decision to supplement the salaries of certain of T.C.'s aides, despite the fact that she did not challenge the IEP itself during the period that the expenditures were made. We therefore agree with the District Court that this does not appear to be a case involving unilateral placement, see Fisher, 2007 WL 674304 at *10, and we do not think Fisher can properly assert a claim for reimbursement on such a theory.

8

Nonetheless, we note that the first step in determining whether a parent is entitled to reimbursement under a unilateral placement theory is whether the school district provided the child with FAPE. N.J.A.C. §6A:14-2.10(a); Shore Regional, 381 F.3d at 198-99 (3d Cir. 2004).[2] If the school did provide FAPE, the parent is not entitled to reimbursement. Fisher's only argument that the Board did not provide FAPE – in addition to the argument, rejected above, that T.C. did not receive FAPE because the Board failed to implement the IEPs – is that the aides' services were not "free" because she was providing supplemental payments. See Appellant's Br. at 27. However, we again find no evidence to support Fisher's contention the Board furnished suitable aides only because those aides also received supplemental payments from Fisher.

Consequently, we conclude that the Board did provide T.C. with FAPE, and Fisher may not receive reimbursement under a unilateral placement theory.[3]

**IV.**

---

[2] FAPE is defined as "special education and related services that (A) have been provided at public expense ... without charge; (B) meet the standards of the State educational agency; (C) include an appropriate ... education in the State involved; and (D) are provided in conformity with the [IEP]." 20 U.S.C. §1401(8).

[3] As we have determined that the Board provided T.C. with FAPE, we need not reach the second and third steps of the unilateral placement analysis – namely, whether the unilateral placement was appropriate, whether Fisher complied with the notice and reevaluation requirements of the IDEA and New Jersey regulations so as to warrant reimbursement. Shore Regional, 381 F.3d at 198-99.

We find all additional arguments raised by Fisher to be without merit.[4] For the reasons stated above, we conclude that Fisher is not entitled to reimbursement, and we affirm the decision of the District Court.

---

[4] We note that Fisher included in her statement of issues on appeal a short statement that the District Court abused its discretion by permitting the Board to file an out-of-time response to Fisher's summary judgment motion, Appellant's Br. at 2, but failed to provide any discussion or analysis to support such a statement in either her initial or her reply brief. As such, we consider the issue waived.